# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>   v.<br><br>TINA L. SHONK (1),<br>a.k.a.: "Tena Shonk"<br>      "Tina Burlingame"<br>      "Tina Burlington"<br>[DOB: 08/11/1980]<br><br>ROY THIEMAN (2),<br>[DOB: 11/20/1984]<br><br>JOSEPH LEVI LITTLE (3),<br>[DOB: 05/09/1974]<br><br>and<br><br>TYLER SUTTON (4),<br>[DOB: 11/26/1961]<br><br>                      Defendants. | Case No.<br><br>**COUNT ONE:**<br>**Conspiracy**<br>18 U.S.C. § 371<br>NMT: 5 Years Imprisonment<br>NMT: $250,000 Fine<br>NMT: 3 Years Supervised Release<br>Class D Felony<br><br>**COUNT TWO:**<br>**Arson of Building in Interstate Commerce**<br>18 U.S.C. §§ 844(i) and 2<br>NLT: 5 Years Imprisonment<br>NMT: 20 Years Imprisonment<br>NMT: $250,000 Fine<br>NMT: 3 Years Supervised Release<br>Class C Felony<br><br>**COUNT THREE:**<br>**Mail Fraud**<br>18 U.S.C. § 1341<br>NMT: 20 Years Imprisonment<br>NMT: $250,000 Fine<br>NMT: 3 Years Supervised Release<br>Class C Felony<br><br>**COUNTS FOUR – FIVE:**<br>**Money Laundering**<br>18 U.S.C. §§ 1956 and 2<br>NMT: 20 Years Imprisonment<br>Either: NMT $500,000 Fine or<br>NMT: Twice the Amount of Criminally Derived Property<br>NMT: 3 Years Supervised Release<br>Class C Felony |
| Defendant: Counts Summary:<br><br>**Tina Shonk**: Counts 1-5<br>**Roy Thieman**: Counts 1-2<br>**Joseph Levi Little**: Counts 1-2<br>**Tyler Sutton**: Counts 1, 4-5 | $100 Mandatory Special Assessment on Each Count<br><br>**Forfeiture Allegation: All Defendants** |

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

**Introduction and Background**

1. Defendant Tina L. Shonk led an arson and insurance fraud conspiracy in 2014, in which she obtained renter's insurance on a house she rented, burned the house with the help of co-conspirators, and then made false claims on the insured property resulting in loss to insurance companies.

2. On or about March 18, 2011, Tina L. Shonk, using the name Tina Burlingame, signed a rental application to rent the house at 3534 Garfield, Kansas City, Missouri. On or about March 22, 2011, and again on April 27, 2011, Tina L. Shonk, using the name Tina Burlington, signed a lease agreement to rent the house at 3534 Garfield at the rate of $750 per month.

3. Shonk continued to live at 3534 Garfield until it burned on April 4, 2014. Due to Shonk's non-payment of rent, the landlord began eviction proceedings in April 2013, and again in March 2014.

**Manner and Means of the Conspiracy and Scheme and Artifice to Defraud**

4. In 2014, Shonk obtained renter's insurance in the amount of $60,000, much more than the value of her personal property. On April 2 and 3, 2014, Shonk and her co-conspirators moved any personal property of value to a storage unit. On April 4, 2014, Shonk and her co-conspirators set fire to 3534 Garfield. After the fire, Shonk made false claims to the insurance company as to the value of her property, that her property was in the house at the time of the fire, and also that she had no knowledge of, or involvement in, the fire. Shonk and her co-conspirators then laundered the proceeds of the insurance fraud.

5. Shonk and her co-conspirators insured and burned the house on 3534 Garfield and made plans to burn another house at 3824 Pittman Road, Kansas City, Missouri. The total loss to insurance companies in the scheme was $235,464.

## COUNT ONE
### (Conspiracy to Commit Arson, Mail Fraud, and Money Laundering)

6. Paragraphs 1 through 5 as set forth above, are re-alleged and expressly incorporated as if fully set forth herein.

7. From on or about January 2014, through on or about December 2014, in the Western District of Missouri and elsewhere, defendants Tina L. Shonk, Roy Thieman, Joseph Levi Little, and Tyler Sutton knowingly and willfully conspired, combined, confederated and agreed with each other and others known and unknown to the Grand Jury, to execute a scheme and artifice to obtain money from insurance companies by burning houses, and by making false or fraudulent pretenses, representations and promises in insurance applications and claims, and by laundering the money obtained from insurance companies, in violation of Title 18, United States Code, Sections 844(i) and 1341.

8. In furtherance of the conspiracy and to accomplish the object of the conspiracy, one or more members of the conspiracy committed and caused to be committed the following overt acts in the Western District of Missouri and elsewhere:

**Overt Acts**

9. On or about January 29, 2014, Shonk applied for a tenant's insurance policy from State Farm Fire and Casualty Company. She falsely claimed that her personal property was worth an estimated $82,000, and obtained personal property coverage in the amount of $60,000 plus $100,000 in liability insurance.

10. On or about January 30, 2014, Shonk paid State Farm a policy premium in the amount of $49, at which time the policy took effect.

11. At the time Shonk obtained renter's insurance, she owed approximately $7,929 in back due rent, and had the gas shut off due to non-payment.

12. On April 2, 2014, Shonk rented a storage unit at Security Self Storage, 2748 Southwest Boulevard, Kansas City, Missouri.

13. On April 2 and 3, 2014, Shonk, Thieman, Little, and other uncharged co-conspirators moved personal property from 3534 Garfield to the storage unit in preparation for burning the house down. According to Security Self Storage records, Shonk accessed her unit 11 times in this two day period. Also during this time, Shonk, Thieman, Little, and other uncharged co-conspirators moved damaged and broken electronic equipment and appliances into 3534 Garfield so that it would appear that valuable appliances were destroyed. In April 2014, Shonk owed $10,356.25 in back due rent and eviction proceedings had been initiated by her landlord.

14. On April 4, 2014, Shonk, Thieman, and Little set fire to 3534 Garfield by covering a space heater with a blanket and setting fire to the blanket, and then leaving the house. The Kansas City Fire Department extinguished the fire but the house was a total loss.

15. On or before April 23, 2014, an investigator for State Farm interviewed Shonk and she falsely told him that she was not in the house at the time the fire started.

16. Between April 4 and May 8, 2014, Shonk submitted false and fraudulent claims to State Farm that $112,789.95 of her personal property had been destroyed in the fire.

17. The owner of the house at 3534 Garfield had an insurance policy through Safeco Insurance Company, which paid out a total of $173,100.

4

Case 4:15-cr-00151-BCW    Document 1    Filed 04/28/15    Page 4 of 9

18. On or about May 2014, Shonk moved into a house at 3824 Pittman Road, Kansas City, Missouri, a property managed by Sutton.

19. On or about May 8, 2014, State Farm mailed a check to Shonk in the amount of $57,364. On May 9, 2014, Sutton deposited the check, which was endorsed by Shonk and Sutton, into a Bank of the West business account in the name of Innovative Investment Solutions LLC, Investor Account, account number ending in 1756.

20. Between May 9 and June 3, 2014, Sutton withdrew $30,732.50 from this account for the benefit of Shonk, plus an additional $18,293 in undesignated cash withdrawals. An additional $3,600 was withdrawn as prepayment for four months of Shonk's rent for 3824 Pittman Road.

21. From the State Farm proceeds, Shonk paid approximately $2,500 to Thieman and approximately $4,000 to Little for their criminal assistance.

22. On or about December 1, 2014, State Farm paid $100,000 in a subrogation claim to Safeco, based upon Shonk's liability policy with State Farm.

23. The co-conspirators discussed repeating the arson insurance fraud scheme at the house on 3824 Pittman Road. Thieman wrote a letter to Shonk outlining plans to insure their personal property and then burn the house, stating in part, "there can be no evidence, nor signs of foul play, or accelerant." Sutton, a property manager for 3824 Pittman Road, had a copy of the letter in his possession in October 2014 but took no action to protect the house on 3824 Pittman Road, nor the owners' interests.

24. Shonk, Thieman, and Little obtained renter's policies at various times through State Farm for 3824 Pittman Road.

25. The Grand Jury incorporates by reference as additional overt acts arson of a building used in interstate commerce and mail fraud set forth in Counts Two - Three. The acts below were committed in furtherance of and as a result of the conspiracy and scheme to defraud, described above.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Arson of Building Used in Interstate Commerce)

26. Paragraphs 1 through 5 as set forth above are re-alleged and expressly incorporated as if fully set forth herein.

27. On or about April 4, 2014, in the Western District of Missouri, Tina L. Shonk, Roy Thieman, and Joseph Levi Little, aiding and abetting each other and others, maliciously damaged and destroyed, by means of fire, 3534 Garfield Avenue, Kansas City, Missouri, a building used in interstate commerce, in that it was a rental property.

All in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT THREE
### (Mail Fraud)

28. Paragraphs 1 through 5 as set forth above are re-alleged and expressly incorporated as if fully set forth herein.

29. On or about May 8, 2014, in the Western District of Missouri and elsewhere, Tina L. Shonk, with intent to defraud and for the purpose of executing and attempting to execute the scheme and artifice to defraud, caused to be placed in a post office and in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, a

$57,364 check mailed from State Farm Insurance Company in Baton Rouge, Louisiana, to Shonk at 3824 Pittman Road, Kansas City, Missouri.

All in violation of Title 18, United States Code, Section 1341.

## COUNTS FOUR - FIVE
### (Money Laundering)

30.     Paragraphs 1 through 5 as set forth above are re-alleged and expressly incorporated as if fully set forth herein.

31.     On or about the below listed dates, within the Western District of Missouri and elsewhere, defendants Tina L. Shonk and Tyler Sutton, aiding and abetting each other, did knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions which involved the proceeds of specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, by using Bank of the West, a financial institution engaged in, and the activities of which affected, interstate commerce, and knowing that the property which was involved in said financial transactions represented the proceeds of some form of unlawful activity, and knowing that said financial transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of mail fraud; in that defendants caused the below listed financial transactions from an account controlled by Sutton in the name of Innovative Investment Solutions LLC, Investor Account, account number ending in 1756.

| Count | Dates | Financial Institution | Monetary Transaction |
|---|---|---|---|
| 4 | 05/20/2014 | Bank of the West | $8,482.50 withdrawn; $5,000 in cash and $3,475 converted to a cashier's check payee Official Auctions |
| 5 | 05/21/2014 | Bank of the West | $7,000 cash withdrawn, converted to a cashier's check payable to Shonk |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

32. The allegations of Counts One and Three of this Indictment are re-alleged and by this reference and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461; and the procedures outlined in Title 21, United States Code, Section 853.

33. Upon conviction of any violation of Title 18, United States Code, Sections 1341, or conspiracy to violate these statutes, each defendant shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Sections 981(a)(1)(C). The property subject to forfeiture includes, but is not limited to, the following: Any interest or proceeds traceable thereto of at least $62,364, representing the proceeds obtained by defendants, in that such sum in aggregate is involved in, or is derived from, proceeds traceable to the offenses set forth in Counts One and Three.

## SUBSTITUTE ASSETS

34. If the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

      a. cannot be located upon the exercise of due diligence;
      b. has been transferred or sold to, or deposited with a third person;
      c. has been placed beyond the jurisdiction of the Court;
      d. has been substantially diminished in value; or
      e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461 to seek forfeiture of any other

property of the defendants up to the value of the above forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461; and the procedures outlined in Title 21, United States Code, Section 853(p).

A TRUE BILL:

    /s/ Marsha K. Elbasani
FOREPERSON OF THE GRAND JURY

    /s/ Kathleen D. Mahoney
Kathleen D. Mahoney
Assistant United States Attorney

Dated:     4/28/15